UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

BURNIS BEECHER,              )
                             )
            Petitioner,      )
v.                           )      No. 2:05-cv-233-RLY-WGH
                             )
CRAIG HANKS, Superintendent, )
                             )
            Respondent.      )

## Entry Discussing Petition for Writ of
## Habeas Corpus and Directing Entry of Judgment

In his petition for a writ of habeas corpus, Burnis Beecher challenges the validity of a disciplinary proceeding in which he was found guilty of battery.

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

In these circumstances, Beecher was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Although Beecher contends that the challenged disciplinary proceeding, identified as No. WVE 05-06-0011 is constitutionally infirm, the pleadings and the expanded record show otherwise. Those pleadings and the record show that (1) Beecher received a copy of the conduct report setting out the nature and circumstances surrounding the alleged infraction, (2) Beecher was notified of the charge more than 24 hours in advance of the hearing and of his procedural rights, (3) Beecher had the right to appear, make a statement, and present evidence, (4) the decisionmaker issued a written statement outlining the evidence which was submitted and setting forth the finding on which Beecher's guilt was based, (5) the sanction imposed was clearly identified and a reason given for the sanction selected.  In addition, there was some evidence that Beecher had violated institution rules in the manner alleged. These procedural rights fully comported with the template established by *Wolff v. McDonnell,* 418 U.S. 539 (1974), and with the substantive component concerning the quantum of evidence which due process requires set forth in *Superintendent v. Hill,* 472 U.S. 445 (1985). With respect to this latter feature, the evidence favorable to the conduct board's decision shows that on June 5, 2005, Beecher was fighting with offender Eines–this consisting of wresting with Eines and with striking Eines in the head and body. The asserted violations of prison regulations, even if such a claim could be sustained factually, would not support the award of federal habeas relief, *Jackson v. Frank,* 348 F.3d 658, 663 (7th Cir. 2003) ("[R]eview of a habeas petition by a federal court is limited to consideration of violations of federal law or the United States Constitution.);*Hester v. McBride,* 966 F.Supp. 764, 774 (N.D.Ind. 1997) (a federal court "does not sit to correct any errors of state law." (citing *Estelle v. McGuire*, 502 U.S. 62 (1991)),

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Beecher to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, the petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   12/14/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana